Bordelon v. Kilpatrick.

Louis Bordelon *v.* Andrew C. Kilpatrick.

One who purchases a note, knowing that the payment will be contested, will hold it subject to any defence to which it would have been subject in the hands of the payee.

On a question of fact, the judgment of the lower court will be affirmed, unless manifestly erroneous.

Appeal from the District Court of Rapides, *King,* J.

*Brent,* for the plaintiff.

*Ryan,* for the appellant.

Martin, J. The defendant resists the claim of the plaintiff, as endorsee of his promissory note, on the ground of the absence or failure of consideration. There was judgment against him, and he has appealed. The record shows, that the note was given by the defendant to Metts, for the price of a tract of land in the Republic of Texas, on the 1st day of May, 1839, payable on the first of January following. That, on the 8th of May, 1839, the defendant published advertisements into two papers printed in the town of Alexandria, announcing that the note had been obtained from him through imposition and fraud, forewarning all persons from trading therefor, and announcing his determination not to pay it unless compelled by law. One witness deposed, that the note was, as he believes, acquired by the plaintiff sometime in the month of June following. The note was for $600, and the plaintiff paid the payee $500 therefor, one-half in cash, and the balance a few days after.

The plaintiff resided in Marksville, Avoyelles, which is distant from Alexandria about thirty miles. The Alexandria papers were

published weekly, and he was a subscriber to one of them. There is some evidence of the defendant having been imposed upon by the payee of the note. The counsel for the defendant has urged that the court erred. The sum paid by the plaintiff for the note, his being a subscriber to one of the papers in which it was advertised, and his trading for it several weeks after the publication of the advertisement, are circumstances which raise a very violent presumption that he knew that he was acquiring a note, the payment of which would be contested; consequently, though the note was transferred to him before maturity, the maker may well oppose to him the grounds on which he would be entitled to relief in a suit by the payee. As those grounds were known to him, they must be available against him.

The counsel for the plaintiff has, on the other hand, contended, that he is in possession of the judgment of the inferior judge on a mere question of fact, and that the evidence on the principal question, to wit, the regularity of the mail between Alexandria and Marksville, is greatly contradictory. In such cases this court is in the habit of affirming the judgment of the judge *a quo*, unless the evidence greatly preponderate against him.

*Judgment affirmed.*